IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL F. VILLANUERA, III,   )<br>  )<br>   Petitioner,   )<br>  )<br>vs.   )<br>  )<br>WARDEN MIKE MARTELL,   )<br>  )<br>   Respondent.   )<br>_____) | No. C 12-1230 LHK (PR)<br><br>ORDER OF DISMISSAL;<br>DENYING CERTIFICATE OF<br>APPEALABILITY |

Petitioner, a state prisoner proceeding pro se, filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the use of Marsy's Law by the California Board of Parole Hearings ("Board"). For the reasons stated below, the Court DISMISSES the petition for failing to state a claim.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the

1  applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

2  B.      Petitioner's Claims

3        As grounds for relief, Petitioner claims that the application of Marsy's Law, i.e.,
4  California Penal Code § 3041.5's amendment in 2009, to the timeliness of his parole hearings
5  violated his right to due process.

6        However, the Supreme Court has made clear that a prisoner's federal due process claim
7  regarding a denial of parole is limited to whether he received the minimum procedures necessary
8  under the federal constitution. *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (per curiam).
9  Specifically, this Court's inquiry is limited to whether Petitioner was given an opportunity to be
10 heard, and given a statement of reasons for the denial. *Id.* (citing *Greenholtz v. Inmates of Neb.*
11 *Penal and Correctional Complex*, 442 U.S. 1, 16 (1979)).  Petitioner fails to state a due process
12 claim because he does not allege that he was not afforded these rights.  Thus, his due process
13 claim is dismissed.

14       Petitioner also argues that, had Marsy's Law not been applied, he would have received a
15 parole hearing in April 2008, rather than in December 2009.  To the extent petitioner is arguing
16 that the application of Marsy's Law to his case violated the Ex Post Facto Clause, that claim is
17 also dismissed.  Prior to Marsy's Law, Section 3041.5 directed the Board to hear each parole
18 case annually, by default, or it could defer subsequent hearings by two or five years if the case
19 met certain requirements.  *Gilman v. Schwarzenegger*, 638 F.3d 1101, 1103-04 (9th Cir. 2011).
20 After the amendment, "the minimum deferral period [was] increased from one year to three
21 years, the maximum deferral period [was] increased from five years to fifteen years, and the
22 default deferral period [] changed from one year to fifteen years." *Id.* at 1104.  The amendment
23 also authorized the Board to use its discretion to advance a prisoner's hearing date either sua
24 sponte, or upon a prisoner's request.  *Id.* at 1105.

25       Applying *Gilman*'s analysis to this case, the delay in Petitioner's parole hearing did not
26 violate the Ex Post Facto Clause.  Section 3041.5 was amended after Petitioner committed his
27 crime, so the amended version of that statute is being applied retroactively as to him.  Moreover,
28 a petitioner cannot obtain habeas relief unless he shows that the retroactively applied statute

1 creates a significant risk of prolonging his incarceration. *Garner v. Jones*, 529 U.S. 244, 251
2 (2000). As the Ninth Circuit explained, even though the frequency of the scheduled hearings has
3 decreased, the availability of advance hearings "'would remove any possibility of harm' to
4 prisoners because they would not be required to wait a minimum of three years for a hearing."
5 *Gilman*, 638 F.3d at 1109 (quoting *California Dept. of Corrections v. Morales*, 514 U.S. 499,
6 513 (1995)).

Accordingly, Petitioner's petition is DISMISSED for failure to state a claim.

## CONCLUSION

The petition for a writ of habeas corpus is DISMISSED.

Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the dismissal of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 4/30/12

*Lucy H. Koh*
LUCY H. KOH
United States District Judge